831 So.2d 550 (2002)
Tracee L. PRICE and Cornell Dillard, Appellants,
v.
PARK MANAGEMENT, INC. d/b/a Willow Point Apartments, Appellee.
No. 2001-CA-00732-COA.
Court of Appeals of Mississippi.
November 26, 2002.
John S. Price, Jr., Vicksburg, Edwin Woods, Jr., attorneys for appellant.
William A. Patterson, Michael Chad Moore, Jackson, attorneys for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
BRIDGES, J., for the court.
¶ 1. Tracee Price and Cornell Dillard filed suit against Park Management, Inc., alleging that Park Management had breached its duty to maintain the premises of Willow Point Apartments in a safe manner, and alleging a tortious breach of contract. *551 The Hinds County Circuit Court granted Park Management summary judgment on both claims. Price and Dillard perfected their appeal to this Court.

STATEMENT OF THE ISSUE
DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT FOR PARK MANAGEMENT, INC.?

FACTS
¶ 2. Tracee Price and Cornell Dillard were assaulted in Price's apartment in Willow Point Apartments, Apt. I-55, on August 25, 1996. Felicia Travis, who was dating Price's brother and roommate, Ronald Price, at the time of the assault, at some point during that evening gained entrance to the apartment, either prior to Price's and Dillard's arrival, or during a time when they were packing for a trip to Florida. Travis confronted Price, and they began to argue. Dillard attempted to stop the argument, and was successful. Price and Dillard continued to pack, and Travis used the phone.
¶ 3. Shortly after Travis finished using the phone, she and Price began to argue again, and Travis's brothers, who had entered the apartment following Travis's phone call, became involved. Travis attacked Price with a hammer, and her brothers, Howard and Bobby, attacked Dillard with the butts of their pistols. After a short time, the Travises broke off their assault and fled the scene.

ANALYSIS
DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT FOR PARK MANAGEMENT, INC.?
¶ 4. Summary judgments are reviewed de novo, as they raise a question of law. Carter v. Harkey, 774 So.2d 392, 394 (¶ 7) (Miss.2000). To prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact, and upon successful demonstration the movant is entitled to a judgment as a matter of law. Id. at 394 (¶ 6). When evaluating a motion for summary judgment, the court must view all of the evidence in the light most favorable to the non-moving party. Id. at 394 (¶ 7).
¶ 5. Price and Dillard brought a claim of negligence and a claim of breach of contract against Park Management. As the claim of breach of contract was abandoned on appeal, we will address only the claim of negligence. A claim of negligence has four elements: duty, breach, causation, and damages. Carpenter v. Nobile, 620 So.2d 961, 964 (Miss.1993). To establish a prima facie case, Price must present sufficient evidence on all four elements of the claim to carry the burden of going forward.

1. Duty
¶ 6. It is well settled that a landlord owes his tenants a duty to keep the premises in a reasonably safe condition, and that this duty extends to protecting tenants from the foreseeable criminal acts of others. Tharp v. Bunge Corp., 641 So.2d 20, 25 (Miss.1994); O'Cain v. Harvey Freeman & Sons, Inc., 603 So.2d 824, 830 (Miss.1991). It is also well settled that social guests of the tenant are owed no special duty by the landlord, but merely the duty owed by the landlord to trespassers that the landlord not wantonly or willfully injure the guest. Lucas v. Buddy Jones Ford Lincoln Mercury, 518 So.2d 646, 647 (Miss.1988). Applying these two duties to the case at hand, Park Management owed Price a duty to keep the premises reasonably safe, and owed Dillard a duty to refrain from wantonly or willfully injuring him.

*552 2. Breach
¶ 7. Having discussed the particular duties owed Price and Dillard by Park Management, we now turn to analyze whether Park Management materially breached those duties. The affidavits and depositions collected in the record demonstrate that Park Management as a matter of course had an operating security gate and two security guards on duty at the Willow Points Apartments. The evidence also indicates that it was the policy of Park Management at Willow Points Apartments to refrain from closing the security gate during the daylight hours from 7 a.m. to 7 p.m., and that at the time of the attack on Price and Dillard the automatic gate was non-operational because the security gate was being moved.
¶ 8. However, Park Management still employed two security guards at night and kept the gate closed at night. The security guards were responsible for permitting persons to enter the apartment complex, as they controlled the gate apparatus. The evidence demonstrates that the attacks took place at the time when the security gate was open. Based upon the evidence presented and keeping in mind the standard of summary judgment that grants deference to the non-moving party's facts, this Court finds that Price has shown sufficient facts to sustain the allegation that Park Management breached its duty to her. However, we find that Dillard has failed to demonstrate a breach of duty against him by Park Management, whose actions do not meet the definition of gross negligence, and at this point we conclude that the motion for summary judgment dismissing his claim was properly granted, as he has failed to make out an essential element of his case.

3. Causation
¶ 9. Having shown both a duty and breach of that duty, Price must demonstrate that Park Management's negligence was the proximate cause of her injuries. The regular practice of Park Management was to keep the security gate open during the day, and the attack occurred in that time when the gate was normally open. Felicia Travis either was in the apartment when Price and Dillard arrived, or she gained entry while they were packing; regardless, there was no sign of forced entry. This indicates that Travis was either let in by someone with a key, or had a key herself. Price maintains that Travis did not have a key, to her knowledge, but that Travis was a regular guest of Price's brother, the other tenant of the apartment. That fact is undisputed.
¶ 10. The evidence is not sufficient to sustain the allegation of a causal connection between Park Management's evident breach of its duty and the damages suffered by Price. Travis clearly entered the apartment through someone's consent, most likely the consent of Price's brother, who was Travis's boyfriend. It is also likely that Travis permitted her brothers to enter the apartment. This Court will not accept a res ipsa loquitur theory of liability when the facts fail to demonstrate any causal connection between the breach of Park Management's duty and the damages suffered by Price.
¶ 11. Price's evidence on causation is reduced to a series of statements that she did not know how Travis entered the apartment. This is not proof that Park Management's breach is the proximate legal cause of Price's injuries; the affidavits indicate that Travis's presence is the proximate cause of Price's injuries, but offer no proof as to how she came to be in the apartment. We find that Price has failed to establish a prima facie case on the element of proximate cause, and that the *553 grant of summary judgment by the court below was proper.

CONCLUSION
¶ 12. Price and Dillard assign as error the grant of Park Management's motion for summary judgment. However, Dillard was owed only an ordinary duty by Park Management to not willfully or wantonly cause him harm, and there is no evidence in the affidavits of a breach of this duty. Price was owed the higher duty of reasonable safety on the premises of her apartment, and Park Management breached that duty. However, from the evidence presented it is impossible to connect the necessary causal dots between that material breach and the harm Price suffered, because Felicia Travis's admitted presence in the apartment is an intervening cause of that harm.
¶ 13. For the foregoing reasons, we affirm.
¶ 14. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., THOMAS, LEE, IRVING, MYERS, AND CHANDLER, JJ., CONCUR. BRANTLEY, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.