989 So.2d 991 (2008)
Keith WILLIAMS, Appellant
v.
Howard JACKSON, Wal-Mart Properties, Inc., Wal-Mart Stores, Inc., and Wal-Mart Stores East, Inc., Appellees.
No. 2007-CA-00517-COA.
Court of Appeals of Mississippi.
August 12, 2008.
*992 Joseph E. Roberts, Grady L. McCool, Jackson, attorneys for appellant.
Philip A. Gunn, Russell Latino, Ridgeland, attorneys for appellees.
Before MYERS, P.J., IRVING and CARLTON, JJ.
MYERS, P.J., for the Court.
¶ 1. Keith Williams brought suit against Howard Jackson, Wal-Mart Properties, Inc., Wal-Mart Stores, Inc., and Wal-Mart Stores East, Inc.[1] This appeal stems from a grant of summary judgment in favor of Wal-Mart. Williams was involved in an altercation on Wal-Mart's premises with Jackson. Williams alleges that the circuit court erred in granting summary judgment to Wal-Mart. Williams argues that Wal-Mart breached its duty to protect him from an attack by Jackson, and that breach was the proximate cause of Williams's injuries. It is from the circuit court's grant of summary judgment in favor of Wal-Mart that Williams now appeals.

FACTS AND PROCEDURAL HISTORY
¶ 2. The altercation in question resulted from an existing string of incidents involving Williams's girlfriend, Kimberly Bradford, and Jackson. Previously, Bradford and Jackson had been involved in some sort of altercation, causing Bradford to notify her employer, Wal-Mart, of the unsavory behavior Jackson had exhibited toward her in the past. Bradford had been instructed to notify her employer if Jackson entered the store or caused a disturbance while she was at work. Bradford was told that she would be allowed to retreat to a safe area until such time as Jackson left the store. Bradford admitted that Wal-Mart management told her if she obtained a restraining order, the store would be able to prevent Jackson from entering the store at the times she was working. However, Bradford's deposition revealed that no restraining order was ever completed or given to Wal-Mart. According to the record, Bradford did retreat to an employee area once Jackson arrived on the premises, and she was not involved in the ensuing altercation.
¶ 3. At the time of altercation, Jackson was in the front of the store parking lot in a verbal dispute with Williams's mother and some other family members. Williams testified at his deposition that he and some friends and family went to Wal-Mart in order to purchase a video game. Williams further testified that upon arriving at the store and parking, he spotted Jackson's *993 vehicle in the parking lot. Williams acknowledged that while he first called the police from his car, he then proceeded from his car to the front of the store parking lot before the police could arrive. Williams claimed in his testimony that he went to the front of the Wal-Mart parking lot in order to stand between his mother and Jackson. Williams claimed he was concerned that Jackson would attack his mother, so he wanted to protect her from harm. At that point, Jackson and Williams got into a physical altercation. Williams suffered injuries as a result of the fight and filed suit against both Jackson and the owner of the premises, Wal-Mart.

STANDARD OF REVIEW
¶ 4. To be successful on appeal, Williams must demonstrate that the circuit court erred in granting summary judgment in favor of Wal-Mart by showing that there exists a genuine issue of material fact with regard to each element of the negligence claim: (1) a duty was owed by Wal-Mart to Williams; (2) Wal-Mart's breach of that duty; (3) damages; and most importantly for this case (4) evidence which demonstrates that Wal-Mart's breach of its duty was the proximate cause of the damages sustained by Williams. Magnusen v. Pine Belt Inv. Corp., 963 So.2d 1279, 1282(¶ 10) (Miss.Ct.App.2007) (quoting Crain v. Cleveland Lodge 1532, Order of Moose, 641 So.2d 1186, 1189 (Miss.1994)). This Court reviews a grant of summary judgment de novo, as they raise a question of law. Price v. Park Mgmt., 831 So.2d 550, 551(¶ 4) (Miss.Ct.App.2002) (citing Carter v. Harkey, 774 So.2d 392, 394(¶ 7) (Miss.2000)). "When evaluating a motion for summary judgment, the court must view all of the evidence in the light most favorable to the nonmoving party." Id.

WHETHER SUMMARY JUDGMENT WAS IMPROPERLY GRANTED TO WAL-MART.
¶ 5. On appeal, Williams contends that the grant of summary judgment by the circuit court was inappropriate, and he makes several arguments in support of his position: (1) Wal-Mart breached its duty to protect Williams from Jackson, resulting in Williams's injuries; (2) Williams maintained his status as an invitee throughout the altercation; (3) Jackson's actions against Williams were foreseeable by Wal-Mart; and (4) whether Wal-Mart's alleged breach of duty was the proximate cause of Williams's injury was a question to be addressed by the jury.
¶ 6. Wal-Mart answers by presenting several arguments: (1) Williams became a trespasser upon engaging in an altercation with Jackson, thereby converting Wal-Mart's duty only to a duty to avoid causing willful or wanton injury; (2) the type of injury Williams's suffered was not foreseeable by Wal-Mart; and (3) Wal-Mart's alleged negligence was not the proximate cause of Williams's injuries, but in fact, Williams's own conduct was the proximate cause of his injuries.
¶ 7. We find Titus v. Williams, 844 So.2d 459, 467(¶ 33) (Miss.2003) to be factually similar and instructive. In that case, summary judgment was granted to the convenience store and the other defendants. Id. at 462(¶ 2). The plaintiffs brought suit when the decedent, Titus, was shot and killed when involved in an altercation with another person at a local convenience store. Id. at 464 (¶¶ 13-14). The Mississippi Supreme Court determined that the plaintiffs failed to demonstrate that the convenience store's actions were the proximate cause of the decedent Titus's death. Id. at 466(¶ 26). Instead, the supreme court found that "the actions of Titus, in confronting a dangerous person, *994 known by Titus to possess a gun which he was not afraid to use, was an intervening cause which relieved the defendants of their alleged liability." Id. at 466(¶ 26). In Titus, "[t]he trial court found that, although perhaps initially a licensee, Titus became a trespasser on the Flash Store property when he returned intent upon fighting...." Id. at 467(¶ 33). In addition, "the highest standard of care that would be owed to anyone who comes onto someone else's land in Mississippi is to keep the premises reasonably safe and when not reasonably safe to warn only where there is hidden danger or peril that is not plain and in open view." Id. Generally, "the duty to warn disappears entirely when it is shown that the injured person did, in fact, observe and fully appreciate the peril." Id. (citing Ill. Cent. R.R. v. Crawford, 244 Miss. 300, 315, 143 So.2d 427, 431 (1962)). Finally, "[w]hile we must not shield property owners from their own negligence, we also must not subject them to liability for the criminal acts of their patrons when these criminal actors, so acting, cause harm to themselves." Id. at 466(¶ 26). Another similar case is Martin v. Rankin Circle Apts., 941 So.2d 854, 864(¶ 42) (Miss.Ct.App.2006). In that case, the decedent was shot after engaging in an ongoing altercation with another person at an apartment complex. This Court granted summary judgment to the defendants, finding "the shooter['s] ... appearance at the complex [was] an intervening cause." Id. at (1943). This Court also concluded that the decedent "was fully cognizant of the developing dangers around him." Id. at (¶ 42).
¶ 8. In this case, the circuit court determined that the injuries sustained by Williams were not foreseeable by Wal-Mart, considering the totality of the circumstances. To show that Williams, by voluntarily interjecting himself into an altercation with Jackson, created an "intervening and superceding cause to extinguish the liability of the original actor, the cause must be unforeseeable." Newell v. S. Jitney Jungle Co., 830 So.2d 621, 623(¶ 9) (Miss.2002) (citing Wal-Mart Stores, Inc. v. Johnson, 807 So.2d 382, 390 (Miss.2001)). Therefore, "negligence which merely furnishes the condition or occasion upon which injuries are received, but does not put in motion the agency by or through which the injuries are inflicted, is not the proximate cause thereof." Id. (quoting Miss. City Lines, Inc. v. Bullock, 194 Miss. 630, 639, 13 So.2d 34, 36 (1943)). At issue in this appeal is whether Wal-Mart should have foreseen that Jackson had violent tendencies. Here, it appears that Wal-Mart was aware of some issue between Bradford and Jackson, but it had no indication that Jackson would become physically violent with Williams or any other patron. In fact, the precautions put in place by Wal-Mart appeared to have shielded Bradford from injury. Further, it appears that Wal-Mart took proper precautions based only on the information they had at the time of the incident.
¶ 9. From our reading of the record, it is clear that the central issue in this appeal is whether Wal-Mart's negligence was the proximate cause of Williams's injury. Regardless of whether this Court agrees with all of the other arguments presented in Williams's appeal, his action still cannot survive summary judgment if his own actions were a superceding and/or intervening cause in bringing about his injuries. Whether Williams is considered an invitee or merely a trespasser, this Court agrees with the circuit court that the proximate cause of Williams's injuries was the interjection of himself into the argument between Jackson and Williams's family in front of Wal-Mart. The circuit court determined, and we agree, that the injuries sustained by Williams were both caused by *995 his own actions and further unforeseeable by Wal-Mart.
¶ 10. In this case, it is clear that both parties to the altercation had ongoing tensions, which came to a head on the day in question. Jackson had previously been involved in at least one, if not more, disputes with Williams's girlfriend, Bradford. Clearly, this was a continuing dispute between the two groups, which both Williams and Jackson were aware. Williams actively chose to insert himself in the verbal altercation that was occurring at the time he entered the Wal-Mart parking lot. Rather than allowing time for the police to arrive or asking for assistance from security, Williams instead chose to participate in a situation that soon escalated to violence. As such, his active participation in the process resulted in his current injuries. We, accordingly, affirm the circuit court's grant of summary judgment in favor of Wal-Mart.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Summary judgment was granted to Wal-Mart pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure. The circuit court expressly directed an entry of a final judgment with prejudice as to Wal-Mart after it expressed a determination that there was no just reason for delay of an entry of final judgment. M.R.C.P. 54(b).