¶ 1. Anthony Craig George was convicted of aggravated assault by a Coahoma County Circuit Court jury. Aggrieved of this ruling George appeals raising the following issue as error:
I. WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT THE VERDICT OF GUILTY.
¶ 2. Finding no error, we affirm.
 STATEMENT OF THE CASE
¶ 3. Two men, Mark Anthony Ayers and the defendant, Anthony Craig George, were jointly indicted and tried in this case arising from a drive by shooting that resulted in a death.
¶ 4. Count I of the indictment charged Ayers with aggravated assault against Sean Jones and Frederick Jones.
¶ 5. Count II of the indictment charged Ayers with murdering James Lockhart.
¶ 6. Count III charged Anthony Craig George with accessory-after-the-fact to a drive by shooting for aiding and assisting Ayers in avoiding arrest and prosecution.
¶ 7. Count IV charged George and Ayers with "individually or while aiding and abetting. . . ." aggravated assault.
¶ 8. The jury found Ayers not guilty of any of the charged counts but returned a guilty verdict against George on count IV — aggravated assault.
 FACTS
¶ 9. During the evening hours of July 14, 1995, James Lockhart was walking along West Tallahatchie Street in Clarksdale, Mississippi with Frederick Jones and Sean Jones when a car drove by. Several shots were fired from the car and Frederick and Sean Jones were able to escape; James Lockhart did not. Lockhart died as a result of a 9mm bullet wound to the chest. Throughout the trial there was testimony elicited which showed that Lockhart and both Joneses were members of a gang called the Vice Lords.
¶ 10. The State produced witness Lidell Houston who testified that he was a rear seat occupant in an automobile driven by Ayers and occupied by the appellant, George. According to Houston, he and George hitched a ride with Ayers near Cotton's Store on Fourth Street. Someone approached the car and told the occupants that there were three members of the Vice Lord gang walking by Ayers's house. Ayers drove to Tallahatchie Street and spotted the three individuals. Ayers slowed the car and then reached under the drivers's seat and grabbed a 9mm pistol and fired several shots out of the window. Houston ducked down in his seat and did not see George shoot but testified that he heard gunfire from both the driver's and passenger's side. Houston testified that a night or two after the shooting, George *Page 442 
told him that he had sold his .38 because he did not want to be caught with a gun.
¶ 11. Jennifer Mitchell testified for the prosecution. She stated that she and George had once been romantically attached and had a child together. However, that relationship had ended, and at the time of the shooting, she and Lockhart were very good friends. Mitchell testified that on the night of the shooting George called her and said over the phone, "We blast your boy [Lockhart]." When Mitchell asked who he was talking about, George stated, "Baby James," the nickname for Lockhart.
¶ 12. Captain Tim Fortenberry with the Clarksdale Police Department testified that he took several statements from George about the incident that occurred on April 14, 1995. In the first statement Fortenberry took from George on November 27, 1995, George stated that he was a passenger in the vehicle and Lidell Houston was in the back seat of the vehicle. On November 30, 1995, George gave another statement in which he asserted that he stuck a .38 caliber handgun out the vehicle window and fired six shots in the air. On February 5, 1996, George gave another statement in which he told Fortenberry that he fired two shots in the air.
¶ 13. Frederick Jones, one of the victims, testified that Lieutenant Rollins was driving the automobile that the fatal shots came from. Lieutenant Rollins was not a police officer, but was a member of a rival gang. Jones stated that he could see Rollins fire a gun at him. Jones also stated that, while there were other people in the car, he could not identify them because the car's windows were tinted.
¶ 14. Ayers testified and had an alibi that he was not involved or at the scene of the shooting. George did not testify.
¶ 15. Count I of the indictment charged Ayers with aggravated assault against Sean Jones and Frederick Jones. The jury returned a verdict of not guilty on all counts, except the jury found George guilty on count IV — aggravated assault.
 ANALYSIS
¶ 16. The only assigned error is to the weight and sufficiency of the evidence. Therefore, the question is whether the State proved the elements necessary to convict George of aggravated assault. The jury was instructed:
 If you believe for the evidence in this case beyond a reasonable doubt that:
 (1) on or about July 14, 1995, the defendants, Mark Anthony Ayers and Anthony Craig George individually or while aiding and abetting and/or acting in concert with each other,
 (2) purposely or knowingly attempted to cause bodily injury to Frederick Jones, Sean Jones and/or James Lockhart with a deadly weapon,
 (3) by shooting at Frederick Jones, Sean Jones, and/or James Lockhart with a firearm, then you shall find such defendant or defendants, as the case may be, guilty as charged in Count IV [aggravated assault].
¶ 17. No evidence tended to show that George fired the fatal shot. Rather, Houston's testimony indicated that, while he heard shots come from George's passenger-side of the car, he never saw George's gun on the night of the shooting. George admitted in his statements that he was present at the shooting and fired a .38 caliber revolver, but he denied aiming at Lockhart.
¶ 18. No evidence tended to show George aided and abetted Ayers in the shooting. The indictment and jury instruction named only two individuals as taking part in the shooting, Ayers and George. Given that Ayers was found not guilty, George could not have aided and abetted him.
¶ 19. The only rational basis for the jury to have found George guilty of aggravated assault was for it to have concluded his *Page 443 
actions constituted an "attempt" to commit aggravated assault. The elements of this offense are:
 1. George acting by himself or with Ayers
 2. purposely or knowingly attempted to cause bodily injury to any of the three men
 3. by shooting at one or more of them with a firearm.
George admitted to being present at the scene of the crime with a revolver that he fired more than one time, but he denied shooting at anyone. Mitchell testified George called her the night of the shooting and admitted "We blast your boy [Lockhart]." Upon this evidence, the jury could have found that George was candid in admitting his presence with the weapon, but less than candid when he denied shooting at any of the three men, and did in fact shoot at Lockhart or one of the other men. Under this factual analysis, proof goes to all elements necessary to find George attempted aggravated assault.
¶ 20. George, however, claims his conviction is flawed because the jury's decision is in conflict with the acquittals. However, as a matter of law, this inquiry is for naught. Inconsistent or even contradictory verdicts are not, in and of themselves, reasons to overturn a criminal conviction. In Holloman v. State,656 So.2d 1134 (Miss. 1995), the supreme court considered a case in which the defendant was convicted of the DUI maiming and killing of two occupants of a car yet acquitted of the DUI maiming of the occupant of his own truck, and the court concluded that upon appeal the fact that verdicts are inconsistent is not by itself determinative; rather, the standard to be utilized is the traditional test of weight and sufficiency of the evidence. Id. at 1141.
¶ 21. Regarding inconsistent verdicts, the United States Supreme Court has said this:
 [I]nconsistent verdicts — even verdicts that acquit on a predicate offense while convicting on the compound offense — should not be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause.
 Inconsistent verdicts therefore present a situation of "error," in the sense that a jury has not followed the court's instruction, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.
Id. (citing United States v. Powell, 469 U.S. 57, 65 (1984)).
¶ 22. Further, the Powell Court stated:
 Finally, we note that a criminal defendant already is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence undertaken by the trial and appellate courts. This review should not be confused with the problems caused by inconsistent verdicts. Sufficiency-of-the evidence review involves assessment by the courts of whether the evidence adduced at trial could support any rational determination of guilty beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); Fed.Rule Crim.Proc. 29(a); cf. Jackson v. Virginia, 443 U.S. 307, 316, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). This review should be independent of the jury's determination that evidence on another count was insufficient. The Government must convince the jury with its proof, and must also satisfy the courts that given this proof the jury *Page 444 
could rationally have reached a verdict of guilty beyond a reasonable doubt. We do not believe that further safeguards against jury irrationality are necessary.
United States v. Powell, 469 U.S. at 69. Therefore, the question is whether the State proved the elements necessary to convict George of aggravated assault.
¶ 23. Turning to that inquiry, in assessing the legal sufficiency of the evidence on a motion for a directed verdict or a motion for JNOV, the trial judge is required to accept as true all of the evidence that is favorable to the State, including all reasonable inferences that may be drawn therefrom, and to disregard evidence favorable to the defendant. Yates v. State, 685 So.2d 715, 718 (Miss. 1996); Ellis v. State, 667 So.2d 599, 612 (Miss. 1995); Clemons v. State, 460 So.2d 835, 839 (Miss. 1984); Noe v. State, 616 So.2d 298, 302 (Miss. 1993). If under this standard sufficient evidence was present to allow reasonable jurors to conclude all elements of the offense for which the appellant was convicted were proven, the motion should be denied. Brown v. State,556 So.2d 338, 340 (Miss. 1990); Butler v. State,544 So.2d 816, 819 (Miss. 1989). A finding that the evidence is insufficient results in a discharge of the defendant. May v. State,460 So.2d 778, 781 (Miss. 1984). In this case, the jury heard testimony and recorded statements showing George was present at the scene, fired a revolver and admitted "we" shot Lockhart. This evidence was sufficient to show he attempted to assault Lockhart, and there was no error.
¶ 24. Where the weight of the evidence, as opposed to the sufficiency, is challenged, the jury's verdict is vacated on grounds relative to the weight of the evidence so that a new trial is granted as opposed to final discharge. Id. In determining whether a jury verdict is against the overwhelming weight of the evidence the court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Herring v. State, 691 So.2d 948, 957 (Miss. 1997) (citing Thornhill v. State, 561 So.2d 1025, 1030 (Miss. 1989)). Only when the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will it be disturbed on appeal. Benson v. State, 551 So.2d 188, 193 (Miss. 1989) (citing McFee v. State,511 So.2d 130, 133-34 (Miss. 1987)). As the State concedes in its brief, the question is "close." However, the trial court observed the witnesses, the jurors, and the defendant, and we did not. Given the evidence, including George's own statements that he at least participated in a drive-by shooting, we decline to disturb the trial court's decision. There is no error.
¶ 25. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF FIFTEEN (15) YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, DIAZ, LEE, MOORE, AND PAYNE, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.