874 So.2d 995 (2004)
Andrew David LEDFORD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-KA-02144-COA.
Court of Appeals of Mississippi.
March 9, 2004.
Rehearing Denied June 1, 2004.
*996 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before SOUTHWICK, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY
¶ 1. On December 9, 2002, a jury in the Circuit Court of Rankin County found Andrew David Ledford guilty of voyeurism. Ledford was sentenced as an habitual offender to the following: to serve five years in the custody of the Mississippi Department of Corrections, said sentence will not be reduced or suspended nor will he be eligible for parole or probation; to pay court cost, fees, and assessments of $250; and to pay a fine of $10,000 within two years of his release. Ledford now appeals to this Court asserting the following issues: (1) the trial court erred in denying his motion for a mistrial during the State's closing argument; (2) the trial court erred in refusing to grant the lesser-included instruction for trespassing when there was an evidentiary basis to support the instruction; (3) the trial court erred in granting the State's flight instruction over his objection; and (4) the verdict was contrary to both the weight and the sufficiency of the evidence.

*997 FACTS
¶ 2. On April 14, 2002, Willie Taylor and his girlfriend, Brandy Hart, were looking for their cat outside their apartment at the Woods of Lakeland Apartments. Around 11:00 P.M., they walked around to the rear of a set of apartments and noticed a man, hunched over, looking into the window of an apartment. The man was approximately fifty feet from where Taylor and Hart were standing. The man then started to run and Taylor chased after him. At the same time, a police officer was pulling into the apartment complex and saw Taylor chasing the other man. The officer, Jeff McDaniel, after ascertaining the situation, started to chase the man as well. The man was caught, handcuffed, and identified as Ledford. Taylor and Officer McDaniel both testified that Ledford's pants were unzipped. Officer McDaniel also noted that Ledford's underwear was exposed.
¶ 3. The window Ledford was looking into was a bedroom window belonging to the Blevinses. Mr. Blevins testified that he and his wife were in their bedroom that night but that neither of them was aware that anyone was outside the window until the police arrived. Mr. Blevins did state that, although there was a curtain over the bedroom window, it did not reach to the bottom of the window, instead leaving a gap of around eight to ten inches.
¶ 4. Upon his arrest, Ledford told the officer that he had been dropped off at the apartment complex in order to meet a female friend. A few days after his arrest, Ledford's car, with the keys in the ignition, was found in the parking lot of the apartment complex.

DISCUSSION OF ISSUES
I. DID THE TRIAL COURT ERR IN DENYING LEDFORD'S MOTION FOR A MISTRIAL?
¶ 5. In his first issue, Ledford claims that the trial court erred in denying his motion for a mistrial during the State's closing argument. Ledford contends that the statement made by the State prevented him from receiving a fair trial. "Whether to grant a motion for mistrial is within the sound discretion of the trial court. The standard of review for denial of a motion for mistrial is abuse of discretion." Caston v. State, 823 So.2d 473(¶ 54) (Miss.2002).
¶ 6. During his closing argument, the prosecutor stated that Ledford's pants were unzipped while he was looking into the bedroom and that "I can assure you he did not unzip his pants while he was running." Ledford's counsel objected on the grounds that "that was never shown in the testimony. The only part where the pants were unzipped was when the officer stopped him." The trial court sustained the objection and then instructed the jury to disregard the prosecutor's statements that the pants were unzipped when he was looking into the window. Ledford then moved for a mistrial, which the trial court denied.
¶ 7. When an objection is sustained and the trial court admonishes the jury to disregard the statement, this Court will usually find no error, absent unusual circumstances. Spann v. State, 771 So.2d 883(¶ 13) (Miss.2000). Furthermore, when a court has properly instructed a jury, the presumption is that jurors will follow the court's instructions. Crenshaw v. State, 520 So.2d 131, 134 (Miss.1988). There is no reason to find that the jury did not do so here. We find that the trial court did not abuse its discretion in denying Ledford's motion for a mistrial. This issue is without merit.
II. DID THE TRIAL COURT ERR IN REFUSING TO GRANT A LESSER-INCLUDED *998 INSTRUCTION FOR TRESPASSING?
¶ 8. In his second issue, Ledford claims that the trial court committed reversible error in failing to grant the lesserincluded instruction for trespassing because there was an evidentiary basis to support the instruction. Ledford argues that being on the property was enough evidence to warrant a trespass instruction. The Mississippi Supreme Court has held that "[a] lesser-included-offense instruction is proper only if the record supports finding an evidentiary basis for the instruction." Ormond v. State, 599 So.2d 951, 960 (Miss.1992) (citing Mease v. State, 539 So.2d 1324, 1330 (Miss.1989)). Furthermore, a lesser-included-offense instruction may be given if the more serious offense includes all the elements of the lesser offense, "that is, it is impossible to commit the greater offense without at the same time committing the lesser-included offense." Sanders v. State, 479 So.2d 1097, 1108 (Miss.1985). In order for Ledford to have been entitled to a lesser-included-offense instruction, he must show evidence in the record from which a jury could, other than by mere surmise, find him not guilty of the crime with which he was charged and at the same time, find him guilty of a lesser-included offense. Toliver v. State, 600 So.2d 186, 192 (Miss.1992).
¶ 9. According to Mississippi Code Annotated Section 97-29-61 (Rev.2000), "any person who enters upon real property whether the original entry is legal or not, and thereafter pries or peeps through a window ... for the lewd, licentious and indecent purpose of spying upon the occupants thereof" shall be guilty of voyeurism. Mississippi Code Annotated Section 97-17-87 (Supp.2003) defines trespass as being "willful or malicious" and "upon the real or personal property of another."
¶ 10. Ledford relies upon Warren v. State, 709 So.2d 415 (Miss.1998), to support his argument. In Warren, the supreme court found that a trespass instruction should have been given as there was enough evidence to support the instruction. Id. at (¶ 26). However, in Warren, the defendant testified that he was elsewhere at the time of the crime and the victim's testimony was confusing and contained several discrepancies. In the case sub judice Ledford did not testify as to why he was on the property. Ledford attempted to introduce his reason as to why he was on the property through the cross-examination of the arresting officer. After being chased and caught by the arresting officer, Ledford told the officer that someone had dropped him off at the apartment complex and that he was meeting a female friend. The arresting officer stated that Ledford refused to make a written voluntary statement and also refused to identify the female friend. The officer further testified on redirect that Ledford's car, with the keys in the ignition, was found in the parking lot of the apartment complex a few days after his arrest. There is a lack of evidence in the record to show that Ledford was guilty of a trespass. Even if Ledford was legally on the property at the request of his female friend, he was still seen peeping into a window, was chased for at least 250 yards, and was caught with his zipper down and underwear exposed. This issue is without merit.
III. DID THE TRIAL COURT ERR IN GRANTING THE STATE'S FLIGHT INSTRUCTION OVER LEDFORD'S OBJECTION?
¶ 11. In his third issue, Ledford claims that the trial court committed reversible error in granting the flight instruction. A flight instruction is appropriate where "the defendant's flight (1) is *999 unexplained and (2) where the circumstance of that flight has considerable probative value." Austin v. State, 784 So.2d 186(¶ 24) (Miss.2001). In his brief, Ledford claims that he ran because Taylor shouted at him. However, at trial, Taylor testified that Ledford heard Taylor approaching and ran before Taylor even spoke to him. In looking at the record, there is no explanation as to why Ledford ran, nor does Ledford produce any for our review. Furthermore, the circumstances, including the time of night and Taylor's seeing Ledford peeping into a window, clearly show that Ledford's flight had considerable probative value. We cannot find that the trial court erred in granting the flight instruction.
IV. DID THE TRIAL COURT ERR IN FAILING TO GRANT LEDFORD'S MOTION FOR A DIRECTED VERDICT AND HIS MOTION FOR A NEW TRIAL?
¶ 12. In his last issue, Ledford claims that the trial court committed reversible error by not granting his motion for a directed verdict or his motion for a new trial. As this issue pertains to both the sufficiency of the evidence and the overwhelming weight of the evidence, we will discuss each separately.
a. Sufficiency of the evidence
¶ 13. Our standard of review concerning sufficiency of the evidence is as follows: the trial judge is required to accept as true all of the evidence favorable to the State, including any reasonable inferences that may be drawn therefrom. Wall v. State, 718 So.2d 1107(¶ 15) (Miss.1998). If, under this standard, sufficient evidence to support the jury's verdict of guilty exists, the motion for a directed verdict should be denied. Isaac v. State, 645 So.2d 903, 907 (Miss.1994). The court will reverse only when reasonable and fair-minded jurors could only find the accused not guilty. Wetz v. State, 503 So.2d 803, 808 (Miss. 1987).
¶ 14. Ledford was seen peeping into an apartment window; he ran upon hearing Taylor approach; he ran from a police officer; he was caught with his zipper down; and he claimed to have been dropped off to meet a friend, but he never revealed the friend's name and his car with the keys in it was found on the property. In taking the evidence in the light most favorable to the State, we find that sufficient evidence existed for reasonable and fair-minded jurors to find Ledford guilty.
b. Overwhelming weight of the evidence
¶ 15. We look to our standard of review in determining whether the jury verdict was against the overwhelming weight of the evidence:
[T]his Court must accept as true the evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Only in those cases where the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice will this Court disturb it on appeal. As such, if the verdict is against the overwhelming weight of the evidence, then a new trial is proper.
Baker v. State, 802 So.2d 77(¶ 14) (Miss. 2001). It is within the discretion of the jury to accept or reject testimony by a witness, and the jury "may give consideration to all inferences flowing from the testimony." Mangum v. State, 762 So.2d 337(¶ 12) (Miss.2000) (quoting Grooms v. State, 357 So.2d 292, 295 (Miss.1978)).
¶ 16. Ledford claims that the State did not meet its burden of proof in establishing the elements of voyeurism. The mental *1000 element of the crime of voyeurism is the purpose and/or intent of the crime, which "is almost always, absent a confession, proved by inferences from conduct and not by direct evidence." Price v. State, 749 So.2d 1188(¶ 18) (Miss.Ct.App. 1999). In Coleman v. State, 788 So.2d 788 (Miss.Ct.App.2000), the defendant was seen peering into the window of a house and began to run after the police arrived. Coleman did not confess and this Court found that "the lewd, licentious and indecent purpose and/or intent of the crime of voyeurism was inferred by the jury." Id. at (¶ 7). In the present case, Ledford was seen stooped over, peering into a window, after which he ran and was caught with his zipper down and underwear exposed. The jury's verdict reflects the State's version of the events; thus, we cannot find that an unconscionable injustice results.
¶ 17. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF VOYEURISM AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AS A HABITUAL OFFENDER AND TO PAY A FINE OF $10,000 IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO RANKIN COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.