938 So.2d 287 (2006)
Robert Anthony HUBBARD, Appellant
v.
STATE of Mississippi, Appellee.
No. 2004-KA-02052-COA.
Court of Appeals of Mississippi.
March 7, 2006.
Rehearing Denied June 27, 2006.
*288 Dan W. Duggan, Brandon, attorney for appellant.
Office of the Attorney General, by Jeffrey A. Klingfuss, Jackson, attorney for appellee.
Before LEE, P.J., IRVING and ISHEE, JJ.
LEE, P.J., for the Court:

FACTS AND PROCEDURAL HISTORY
¶ 1. Lieutenant Andrew Barrett was working at the Florence Police Department on April 2, 2003, when the department received a dispatch from the Rankin County Sheriff's Department regarding a suspicious person spotted in the area of Erlich Road and South Church Street in Florence. As Lt. Barrett approached the intersection, he saw a silver Caprice run a stop sign at the intersection of Old Highway 49 and Erlich Road.
¶ 2. Lt. Barrett stopped the vehicle and asked the driver, Robert Anthony Hubbard, for his license. Lt. Barrett noted that while the passenger was using her seat belt, Hubbard was not. Lt. Barrett requested Hubbard's license, and Hubbard responded that he did not have a license. Hubbard accompanied Lt. Barrett to the rear of the vehicle, and Officer John Hony and Officer Danny Barnes of the Florence Police Department arrived. Hubbard then told Lt. Barrett that his license was suspended.
¶ 3. Lt. Barrett informed Hubbard that he was under arrest for running the stop sign and driving with a suspended license. Officer Hony began to handcuff Hubbard *289 when Hubbard shoved Lt. Barrett to the ground and ran towards his car. Hubbard dived partially into the car through the open driver's side window, where his passenger grasped his arms and began pulling him into the vehicle. Officer Hony tugged on Hubbard's legs as he thrashed about, halfway inside the vehicle. By the time Lt. Barrett joined the officers, Hubbard had managed to climb almost completely into the vehicle and was pressing the accelerator. Officer Hony reached inside the car and fought with Hubbard for control of the gear shift. Lt. Barrett testified that he saw a knife inside the car on the floorboard near Hubbard's hand. Hubbard then wrenched the gear shift, and the vehicle lurched forward six feet before Officer Honey could force the gear into park. Officer Barnes then shot the rear tire of the vehicle.
¶ 4. Officer McCue arrived to provide backup, and Lt. Barrett shot the vehicle's radiator. During the fray Officers McCue and Barnes maced Hubbard in the face; however, Hubbard was able to roll up the window, trapping both Officer Hony's and Officer Barnes's arms inside the car. Hubbard put the car in drive and began to leave. Officer Hony was able to free his arm, but Officer Barnes was propelled down the road a few feet before he could escape.
¶ 5. Undeterred by the damaged radiator and tire, Hubbard led the officers in a chase for nearly a mile and a half before the vehicle stopped and the officers arrested Hubbard and his passenger. Lt. Barrett retrieved the knife from the vehicle and waited for a wrecker to arrive. One of the officers verified the vehicle identification number from the dashboard of the car; however, the VIN from the dashboard belonged to a brown 1984 Chevrolet. The officers ran the vehicle's license tag, which was registered to Erica Davis, Hubbard's passenger. Lt. Barrett testified that the car was a 1987 model, but the car tag belonged to a 1992 Lincoln Continental. The officers ascertained that the silver Caprice had been stolen three months ago.
¶ 6. Hubbard was convicted of aggravated assault on a law enforcement officer and possession of stolen property. Hubbard now appeals, arguing three assignments of error: (1) the trial court erred in offering a flight instruction; (2) the trial court erred in denying his motion for a JNOV regarding the charge of assault on Officer Barnes; and (3) the trial court erred in denying his motion for a directed verdict and motion for a JNOV regarding the possession of stolen property charge.
¶ 7. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 8. It is well-settled law that an appellate court does not review jury instructions in isolation, considering them as a whole to determine if the jury was properly instructed on the law. Scott v. State, 878 So.2d 933, 966(¶ 92) (Miss.2004). When read as a whole, "if the instructions fairly announce the law of the case and create no injustice, no reversible error will be found." Collins v. State, 691 So.2d 918, 922 (Miss.1997). A motion for a directed verdict, a motion for a JNOV, and a request for a peremptory instruction challenge the legal sufficiency of the evidence. Jefferson v. State, 818 So.2d 1099, 1110-11(¶ 30) (Miss.2002).
The critical inquiry is whether the evidence shows "beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction."
*290 Bush v. State, 895 So.2d 836, 843(¶ 16) (Miss.2005) (quoting Carr v. State, 208 So.2d 886, 889 (Miss.1968)). After viewing the evidence in the light most favorable to the prosecution, the evidence is sufficient if any rational trier of fact could have found the defendant committed each element of the crime beyond a reasonable doubt. Id.

I. DID THE TRIAL COURT ERR IN GIVING A FLIGHT INSTRUCTION?
¶ 9. Hubbard argues that the trial court improperly granted instruction S-3, which provided as follows:
"Flight" is a circumstance from which guilty knowledge and fear may be inferred. If you believe from the evidence in this case beyond a reasonable doubt that the Defendant, ROBERT ANTHONY HUBBARD, did flee or go into hiding, such flight or hiding is to be considered in connection with all other events in this case. You will determine from all the facts whether such flight or hiding was from a conscious sense of guilt of possession of stolen property and/or of possession of a motor vehicle with an altered vehicle identification number or whether it was caused by other things and give it such weight as you think it is entitled to in determining the guilt or innocence of the Defendant, ROBERT ANTHONY HUBBARD.
¶ 10. Hubbard correctly argues that a flight instruction is appropriate where "the defendant's flight (1) is unexplained and (2) where the circumstance of that flight has considerable probative value." Ledford v. State, 874 So.2d 995, 999-1000(¶ 11) (Miss.Ct.App.2004) (quoting Austin v. State, 784 So.2d 186, 194(¶ 24) (Miss.2001)).
¶ 11. At trial Hubbard testified that he did not run the stop sign, yet Lt. Barrett attempted to arrest him for the traffic violation. Hubbard testified that Lt. Barrett appeared to be waiting for other officers to arrive and that Lt. Barrett handcuffed him but did not lock the handcuffs. Hubbard testified that the backup officers arrived "with pistols drawn," making him nervous.
¶ 12. Officer Barnes then approached Hubbard and accused him of committing burglaries in the area. According to Hubbard, when he denied the accusation, Officer Barnes responded by calling him a "d______ liar" and rushing up to him, striking Hubbard in the face. Hubbard testified that he did not run until Officer Barnes punched him in the face.
¶ 13. In Brock v. State, 530 So.2d 146 (Miss.1988), the defendant ran when confronted with a woman who alleged that Brock raped and shot her. Brock argued that a flight instruction was in error because he explained his departure. The supreme court held that the flight instruction was proper because Brock's "version" was contradicted and unsupported by anything other than his own testimony. Id. at 153. We find the rationale of Brock persuasive. Hubbard's account was contradicted by the testimonies of Lt. Barrett, Officer Barnes, and Officer McCue. Nothing, save his own testimony, supports Hubbard's version of the events surrounding his flight.
¶ 14. The second criteria is also satisfied. The circumstances of the flight have probative value in that Hubbard fled the scene in a stolen vehicle after acknowledging to Lt. Barrett that he was driving while his license was suspended. We further disagree with Hubbard's assertion that the instruction was confusing and misleading. The language of the instruction clearly limited itself to the possession charges and not the aggravated assault charges. The flight instruction was proper. This issue is without merit.

II. DID THE TRIAL COURT ERR IN DENYING HUBBARD'S MOTION *291 FOR A JNOV ON THE CHARGE OF ASSAULTING OFFICER BARNES?
¶ 15. Hubbard next asserts that the evidence was insufficient to support his conviction for assaulting Officer Barnes. Hubbard substantiates his argument by pointing to his acquittal on the charge of assaulting Officer Hony who was standing next to Officer Barnes during the altercation. Hubbard concludes that because both the officers were involved in the altercation at the window of the vehicle and the jury found him not guilty of assaulting Officer Hony, the evidence was necessarily insufficient to support his conviction for assaulting Officer Barnes.
¶ 16. This argument is without merit because an inconsistent verdict, in and of itself, is insufficient to reverse a criminal conviction. George v. State, 752 So.2d 440, 443(¶ 20) (Miss.Ct.App.1999). Regarding the perplexity of the inconsistent verdict, the United States Supreme Court has held as follows:
[I]nconsistent verdicts  even verdicts that acquit on a predicate offense while convicting on the compound offense  should not be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense. But in such situations the Government has no recourse if it wishes to correct the jury's error; the Government is precluded from appealing or otherwise upsetting such an acquittal by the Constitution's Double Jeopardy Clause.
Inconsistent verdicts therefore present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course.
....
[T]here is no reason to vacate the respondent's conviction merely because the verdicts cannot rationally be reconciled. Respondent is given the benefit of [his] acquittal on the counts on which [he] was acquitted, and it is neither irrational nor illogical to require [him] to accept the burden of [his] conviction on the counts on which the jury convicted.
United States v. Powell, 469 U.S. 57, 65, 69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (citations omitted). The Powell court further opined that independent appellate review of the sufficiency of the evidence provides adequate protection from juror irrationality or error. Id. at 67, 105 S.Ct. 471.
¶ 17. Following Powell, our supreme court addressed this issue in Holloman v. State, 656 So.2d 1134 (Miss.1995), wherein the defendant was acquitted of the DUI maiming of the occupant of his truck, yet was convicted of the DUI maiming and manslaughter of the occupants of another vehicle. Id. at 1141. Upon review of the sufficiency of the evidence, our supreme court affirmed the convictions. Id. at 1142-144. We, likewise, employ this standard of review.
¶ 18. When reviewing the sufficiency of the evidence, we must give the State the benefit of all reasonable inferences that may be drawn from the evidence. Edwards v. State, 469 So.2d 68, 70 (Miss.1985). "If the facts and inferences so considered point in favor of the defendant on any element of the offense with sufficient force that reasonable men could not have found beyond a reasonable doubt that the defendant was guilty, granting the motion is required." Id. (citing May v. State, 460 So.2d 778, 781 (Miss.1984)).
*292 ¶ 19. Regarding the assault charge on which Hubbard was convicted, the State must have proven (1) that under circumstances manifesting extreme indifference to human life (2) Hubbard did purposefully, knowingly or recklessly (3) attempt to cause or caused serious bodily injury to Officer Barnes. See Miss.Code Ann. § 97-3-7(2) (Supp.2005). The testimony at trial established that Hubbard drove his vehicle with Officer Barnes's arm trapped in the closed drivers's side window, evidencing Hubbard's indifference to human life. Hubbard admitted that he rolled up the window and that he was trying to leave. Finally, there was testimony that the car window ripped the flesh from Officer Barnes's arm. The evidence was sufficient to support the verdict. This issue is without merit.

III. DID THE TRIAL COURT ERR IN DENYING HUBBARD'S MOTION FOR A DIRECTED VERDICT OR A JNOV ON THE CHARGE OF POSSESSION OF STOLEN PROPERTY?
¶ 20. Hubbard asserts that he should have been granted either a directed verdict or a JNOV on the charge of possession of stolen property because the State failed to prove the value of the car. Hubbard was convicted of receiving stolen property with a value exceeding $250 under Mississippi Code Annotated 97-17-70 (Rev.2003). Although in 2005 the Legislature subsequently increased the applicable amount to $500, the previous amount of $250 applies for purposes of our discussion.
¶ 21. The State argues that Hubbard presented a defense and, therefore, waived his right to appeal the denial of his motion for a directed verdict. Our supreme court has previously held that "[i]t is elemental that after a motion for directed verdict is overruled at the conclusion of the State's evidence, and the appellant proceeds to introduce evidence in his own behalf, the point is waived." Harris v. State, 413 So.2d 1016, 1019 (Miss.1982). To preserve his appeal on this issue, Hubbard must have renewed his motion for a directed verdict at the conclusion of all the evidence. Id. No such renewal occurred, either ore tenus or by the request for a peremptory instruction. As such, our review of the denial of the motion for a directed verdict is procedurally barred.
¶ 22. As previously discussed, in reviewing the sufficiency of the evidence we give the State the benefit of all reasonable inferences which may be drawn from the evidence. Edwards, 469 So.2d at 70. The defense introduced a purported bill of sale for the vehicle which Hubbard was driving. The bill of sale listed the purchase price as $1,500; therefore, we agree with the State that the value of the car was proven at trial. This issue is without merit, as the evidence was sufficient to support the conviction.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF COUNT I, AGGRAVATED ASSAULT UPON A LAW ENFORCEMENT OFFICER AND SENTENCE OF TWENTY YEARS; COUNT III, POSSESSION OF STOLEN PROPERTY AND SENTENCE OF FIVE YEARS TO RUN CONCURRENTLY WITH THE SENTENCE IMPOSED IN COUNT I, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
KING, C.J., MYERS, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.