JAMES, J.,
dissenting:
¶ 47. The majority finds that the circuit court’s grant of summary judgment in favor of Alfa and its denial of Cascio’s motion to dismiss were proper. The majority also finds no error in the circuit court’s determination that this case was improperly dismissed by the county court under Mississippi Rule of Civil Procedure 41(d) for failure to prosecute. I find reversible error in all three issues. Therefore, I respectfully dissent.
I. Rule 41(d) Dismissal
¶ 48. The majority asserts that Alfa’s summary-judgment motion constitutes an action of record sufficient to preclude dismissal under Rule 41(d). I disagree. Rule 41(d)(1) provides:
Notice. In all civil actions wherein there has been no action of record during the preceding twelve months, the clerk of the court shall mail notice to the attorneys of record that such case will be dismissed by the court for want of prosecution unless within thirty days following said mailing, action of record is taken or an application in writing is made to the court and good cause shown why it should be continued as a pending case. If action of record is not taken or good cause is not shown, the court shall dismiss each such case without prejudice. The cost of filing such order of dismissal with the clerk shall not be assessed against either party.
¶ 49. The standard of review for dismissal for want of prosecution is abuse of discretion. Cucos Inc. v. McDaniel, 938 So.2d 288, 240 (¶5) (Miss.2006). “[T]he power to dismiss an action for want of prosecution is part of a trial court’s inherent .authority.” Wallace v. Jones, 572 So.2d 371, 375 (Miss.1990). Such power is “a means necessary to the orderly expedition of justice and the court’s control of its own docket.” Watson v. Lillard, 493 So.2d 1277, 1278 (Miss.1986). Accordingly, motions to dismiss for failure to prosecute are considered on a case-by-case basis. Holder v. Orange Grove Med. Specialties P.A., 54 So.3d 192, 197 (¶ 17) (Miss.2010) (citing Hillman v. Weatherly, 14 So.3d 721, 726 (¶ 17) (Miss.2009)).
¶ 50. Alfa’s complaint remained stagnant for nearly three years after this Court remanded the case back to the Forrest County Circuit Court. After receiving notice of the clerk’s motion to dismiss,[2] Alfa had thirty days to either (1) take an acceptable action of record, or (2) show good cause as to why it neglected its claim and why its case should survive dismissal. When Alfa filed its summary-judgment motion on March 11, 2008, it did so purporting to satisfy the action-of-record requirement under Rule 41(d).

A. Action of Record

¶ 51. There are no Mississippi cases that precisely define or construe what constitutes an “action of record.” Wilson v. Freeland, 773 So.2d 305, 309 (¶ 13) (Miss. 2000). “Without an explicit definition or *465 standard, what suffices as an action of record is left to the reasonable discretion of the trial court.” Cucos, 938 So.2d at 242 (¶ 11). In Wilson, the Mississippi Supreme Court held that because the claimant had not received notice from the clerk, an order purporting to dismiss the case as stale was actually a notice of intent to dismiss.[3] Wilson, 773 So.2d at 308-09 (¶ 12). Also in Wilson, the Court held that the grant of a motion to compel discovery was an appropriate action of record due to the case being in the pretrial stage. Id. at 308 (¶ 11).
¶ 52. In Illinois Central Railroad Co. v. Moore, 994 So.2d 723, 728 (¶ 13) (Miss. 2008), the Mississippi Supreme Court found that letters from the claimant simply requesting that the case remain active on the court’s docket were insufficient to preclude dismissal of the claim. The court further held that, while the letters may have served as applications in writing under Rule 41(d), dismissal of the claim was warranted because no good cause had been shown as to why the case should be continued. Moore, 994 So.2d at 729-30 (¶ 15). The Wilson court regarded actions that “haste[n] a suit to judgment” as those sufficient to constitute actions of record. Wilson, 773 So.2d at 309 (¶14). This Court has characterized an action of record as one that “move[s] the ease closer to a judgment on the merits.” See Guidry v. Pine Hills Country Club, Inc. v. Calhoun Cnty., 858 So.2d 196, 199 (¶ 13) (Miss.Ct. App.2003).
¶ 53. Here, Alfa’s summary-judgment motion did not move the case forward because it did not comply with the mandate of this Court. The majority cites Moore, 994 So.2d at 729 (¶ 15), in stating that motions and pleadings are actions of record under Rule 41(d)(1). However, where the court has overruled a directed verdict, a motion for summary judgment, by its nature, does not “move the case forward” and, thus, cannot be an adequate action of record.
¶ 54. We remanded this case to the trial court so that Cascio could rebut any evidence presented by Alfa. Once the case was remanded, Alfa was responsible for bringing the case to fruition. Alfa was required to take some step to advance its claim to a trial on the merits. Unlike that of the claimant in Wilson, Alfa’s motion for summary judgment did nothing to advance the case to trial, and more importantly, the motion was denied. The motion did nothing to “hasten [Alfa’s] suit to judgment,” nor did it “move the case closer to a judgment on the merits.” Having failed to take an adequate action of record, Alfa was then required to show good cause for neglecting its claim.

B. Good Cause

¶ 55. Pursuant to Rule 41(d), if no adequate action of record is taken, the claimant is required to show good cause for having abandoned his claim. Dismissal is proper when it is “clear from the record that the delay was the result of the plaintiffs failure to prosecute the claim, rather than extrinsic factors beyond the control of the plaintiff.” Barry v. Reeves, 47 So.3d 689, 694 (¶ 14) (Miss.2010).
¶ 56. In Liberty Savings & Loan Association v. Mitchell, 398 So.2d 208, 210-211 (Miss.1981), good cause was shown to excuse long delays due to the death of counsel and the complexity of the issues involved in the claim. In Cucos, the court found no abuse of discretion where the trial court reinstated the plaintiffs dismissed claims based on good cause shown and a letter to the court requesting a *466 continuance.[4] In LaFontaine v. Holliday, 110 So.3d 785, 786 (¶ 3) (Miss.2018), good cause was shown where the claimant argued that she never received notice of the clerk’s motion to dismiss. After her claims were dismissed without prejudice, she filed a motion to reconsider, which was granted by the trial court. Id.
¶ 57. Unlike the claimants in Cucos and LaFontaine, Alfa failed to provide any evidence demonstrating good cause as to why its case should proceed after it had been neglected for nearly three years. Furthermore, the record shows that Alfa was afforded ample opportunity to present such evidence, as multiple hearings were held before the circuit court, and an additional hearing was held in the county court after remand. This case is also distinguishable in that it does not involve complex issues, nor has it been hampered by exhaustive discovery matters. The record reveals no extrinsic factors that prevented Alfa from pursuing its claim.
¶ 58. The Mississippi Supreme Court recently addressed what a Rule 41(d) dismissal entails:
[Rule] 41(d)(1) requires dismissal without prejudice after a successful clerk’s motion to dismiss for want of prosecution. Allowing the statute to toll in such a situation presents an opportunity for abuse of process, potentially allowing cases to be dismissed and refilled for a period of years or even decades. This would reward plaintiffs who sleep on their rights and would lead to unjust results. Therefore, we explicitly hold today that when an action is dismissed without prejudice for failure to prosecute, the statute of limitations does not toll, and the parties are left in the same position as if they had never filed the action.
Knight v. Knight, 85 So.3d 832, 837 (¶ 30) (Miss.2012).
¶ 59. Moreover, as previously stated, “[without an explicit definition ■ or standard, what suffices as an action of record is left to the reasonable discretion of the trial court.” Moore, 994 So.2d at 726 (¶ 8). But, we must “not disturb a trial court’s ruling on a dismissal for want of prosecution unless [we find] an abuse of discretion.” Id. I find no abuse of discretion in the county court’s dismissal of this case for lack of prosecution. Therefore, I am of the opinion that the circuit court erred in reversing the county court’s judgment.
II. Grant of Summary Judgment in Favor of Alfa
¶ 60. The majority finds that Alfa is entitled to a judgment as a matter of law, as there is no evidence showing any material fact in dispute. I respectfully disagree. I find that the grant of summary judgment was improper because genuine issues of material fact existed as to the elements of causation and damages. Summary judgment is appropriate and shall be rendered “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R.C.P. 56(c).
¶ 61. The majority correctly states the burden of proof that must be carried by the movant in a summary-judgment motion. This burden was clarified recently in Karpinsky: “The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law.” Karpinsky v. Am. Nat’l *467 Ins. Co., 109 So.3d 84, 88 (¶ 11) (Miss.2013) (citing Palmer v. Biloxi Reg’l Med. Ctr. Inc., 564 So.2d 1346, 1355 (Miss.1990)). “The movant bears the burden of production if, at trial, he ‘would [bear] the burden of proof on th[e] issue’ raised.” Id. “In other words ‘the movant only bears the burden of production where [he] would bear the burden of proof at trial.’ ” Id. at 88-89 (¶ 11) (citing Daniels v. GNB Inc., 629 So.2d 595, 600 (Miss.1993)). Furthermore, “summary judgment ‘is appropriate when the non-moving party has failed to make a sufficient showing to establish the existence of an element essential to the party’s case, and on which that party will bear the burden of proof at trial.’ ” Buckel v. Chaney, 47 So.3d 148, 153 (¶ 10) (Miss.2010).
¶ 62. Here, Alfa carried the burden of producing sufficient evidence of the essential elements of its claim at the summary-judgment stage, because it carried the burden of proof at trial. Conversely, because Cascio did not carry any burden of proof at trial, she also did not carry any burden of production at the summary-judgment stage. In a negligence claim, the claimant must establish, by a preponderance of the evidence, the essential elements of duty, breach of duty, proximate causation, and damages. Ladner v. Holleman, 90 So.3d 655, 659 (¶ 13) (Miss.Ct.App.2012) (citing Price v. Park Mgmt. Inc., 831 So.2d 550, 551 (¶ 5) (Miss.2002)). In this case, these elements were to be decided by a jury as instructed by this Court. Therefore, summary judgment should not have been granted, nor was it appropriate considering this Court’s instructions for remand. However, for purposes of the present appeal, the issue is moot because Alfa failed to satisfy the requirements under Rule 41(d) to survive dismissal.
III. Motion to Dismiss
¶ 63. The majority finds no error in the circuit allowing Alfa to file its brief thirty-eight days late without obtaining leave of court.[5] Alfa filed its brief on June A, 2009. Subsequently, Cascio moved to have the circuit court dismiss Alfa’s appeal. Following a hearing, the circuit court denied the motion in the interest of “securing] a just determination of the issues remaining for the [cjourt’s decision.” Alfa argued that it had not been given a notice of deficiency to allow it to cure the default prior to the filing of Cascio’s motion to dismiss. See M.R.A.P. 2. Alfa also argued the deficiency had been cured because Alfa filed its brief, albeit untimely, before Cas-cio’s motion to dismiss was filed. At that time, no notice of deficiency had been given by the clerk. But, because the deficiency had been cured once Alfa filed its brief, a notice of deficiency from the clerk was not necessary.
¶ 64. The majority cites Van Meter v. Alford, 774. So.2d 430, 432 (¶4) (Miss. 2000), to support its proposition that the circuit court’s denial of Cascio’s motion to dismiss was proper. In Van Meter, the Mississippi Supreme Court stated, “There is no evidence in the record that the deficiencies in Van Meter’s appeal were the result of clear delay or contumacious conduct. The Court is therefore of the opinion that lesser sanctions may be appropriate in this case.” Id. at 433 (¶ 10). In Van Meter, the motion to dismiss was filed, but no notice of deficiency was given. The Court found that dismissal of the appeal was too harsh of a sanction. However, in the instant case, there is ample evidence in the record that, the deficiencies were the result of Alfa’s inexcusable delay. *468 Thus, dismissal in this case was the proper remedy.
¶ 65. I acknowledge that it is within the discretion of the court to allow a party to file a brief outside the deadline. However, considering the facts of this case, and Alfa’s delayed approach in pursuing its claim, I find the circuit court erred in denying Cascio’s motion to dismiss the appeal. Here, Alfa filed its brief thirty-eight days late — well beyond the fourteen days an appellate court gives to correct a deficiency. The record does not show any attempt of Alfa to obtain leave of court to file its brief outside the deadline, nor does Alfa offer any explanation showing good cause as to why the brief was filed untimely. Notwithstanding Alfa’s inexcusable delay in filing its brief, Alfa was dilatory in every phase of prosecuting its claim. I feel that the circuit court erred in allowing the case to proceed.
¶ 66. For these reasons, I would reverse and render the judgment of the circuit court.
IRVING, P.J., AND ROBERTS, J., JOIN THIS OPINION IN PART.

. Alfa does not dispute that it received notice of the mandate delivered to the circuit court clerk.

. Alfa did receive notice from the court clerk. Thus, the order remanding the case to county court is not, as Alfa contends in its brief, analogous to the order of dismissal in Wilson.

. The trial court allowed the letters of request to serve as "actions of record” pursuant to Rule 41(d), based on local court custom. Cu-cos, 938 So.2d at 247.

. The appeal record was lodged on March 18, 2009. Alfa was required to file its brief within forty days thereafter. See M.R.A.P. 31(b).