# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KM-01184-COA

**TRAVIS JEROME HARVEY**                       **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/29/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | THOMAS JON-WILLIAM BELLINDER |
| ATTORNEYS FOR APPELLEE: | DAVID L. MORROW JR. |
| | JOHN R. HENRY JR. |
| CITY PROSECUTOR: | DAVID L. MORROW JR. |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| TRIAL COURT DISPOSITION: | CONVICTED OF RESISTING ARREST AND SENTENCED TO TEN DAYS IN THE RANKIN COUNTY JAIL, WITH ALL TEN DAYS SUSPENDED; TO PAY A $500 FINE, WITH $200 SUSPENDED; AND TO SERVE SIX MONTHS OF UNSUPERVISED PROBATION |
| DISPOSITION: | AFFIRMED - 06/14/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1. This is an appeal from a circuit court's affirmance of a county court's appellate ruling on a misdemeanor conviction in municipal court.

¶2. Travis Jerome Harvey was arrested for public drunkenness, public profanity, and resisting arrest. The Brandon Municipal Court dismissed the public-profanity charge and

convicted him of public drunkenness and resisting arrest. He appealed. The County Court of Rankin County dismissed the public-drunkenness conviction and affirmed the resisting-arrest conviction. The Rankin County Circuit Court affirmed the county court's decision. Harvey appeals the circuit court's decision. He argues that his conviction for resisting arrest is inconsistent with the dismissal of the public-drunkenness and public-profanity charges, and that probable cause did not exist for the arrest in the first place. We disagree and, therefore, affirm.

**FACTS AND PROCEEDINGS BELOW**

¶3. On February 2, 2013, Officer Joey Shows of the Brandon Police Department initiated a traffic stop of a vehicle for an inoperable taillight. After the vehicle came to a complete stop, a passenger got out of the vehicle and ran into a nearby residence. Sergeants Phillip Underwood and James King, and Officer Richard Jamison Perry, all of the Brandon Police Department, arrived to assist Shows. Soon after, Harvey exited the same residence and engaged the officers in the street, yelling obscenities and profanities. Underwood made contact with Harvey and smelled marijuana on Harvey during the exchange. Harvey became combative during the exchange with Shows and Underwood while multiple bystanders were present. Perry arrived on the scene as the exchange was taking place and, after personally observing Harvey's behavior, determined Harvey appeared to be publicly drunk, was engaging in public profanity, and posed an increasing threat to King, Shows, and Underwood. Perry informed Harvey he was under arrest. Harvey resisted arrest, snatching

his hand away and walking away from Perry after being told he was under arrest. Harvey was ultimately secured by Perry and King. Harvey was charged with public drunkenness, profanity in public, and resisting arrest.

¶4. On November 13, 2013, the Brandon Municipal Court dismissed the profanity-in-public charge and found him guilty of resisting arrest and public drunkenness. Harvey appealed to the County Court of Rankin County. On June 17, 2014, the county court dismissed the public-drunkenness charge and affirmed the resisting-arrest charge against Harvey. Harvey made a motion for a judgment notwithstanding the verdict (JNOV), and it was denied. On August 14, 2014, Harvey appealed his resisting-arrest conviction to the Rankin County Circuit Court. The circuit court affirmed the county court's resisting-arrest conviction on July 29, 2015. On August 7, 2015, Harvey appealed the circuit court's decision to this Court. We affirm.

## DISCUSSION

¶5. A trial judge's decision in a bench trial will be affirmed as long as it is supported by substantial, credible, and reasonable evidence. *Parish v. State*, 176 So. 3d 781, 785 (¶13) (Miss. 2015). The findings of a trial judge sitting without a jury are reversed only where the findings are manifestly erroneous or clearly wrong. *Sendelweck v. State*, 101 So. 3d 734, 739 (¶19) (Miss. Ct. App. 2012) (citing *Amerson v. State*, 648 So. 2d 58, 60 (Miss. 1994)).

¶6. On appeal, Harvey argues that the arrest was unlawful because probable cause did not exist to arrest him, and that it was inconsistent to find him guilty of resisting arrest yet

3

dismiss the charges of public drunkenness and public profanity.

### I. Cause for Arrest

¶7. According to Mississippi Code Annotated section 97-29-47 (Rev. 2014), a person is guilty of public drunkenness or public profanity when he "profanely swear[s] or curse[s], or use[s] vulgar and indecent language, or [is] drunk in any public place, in the presence of two or more persons." Underwood, King, and Perry all testified that Harvey was in a public street shouting numerous expletives at Underwood with multiple bystanders present. Perry, the arresting officer, testified that he personally observed Harvey engaging in his expletive-laden tantrum with Underwood in the public street with bystanders present. *See S.M.K.S. v. Youth Court of Union Cty.*, 155 So. 3d 747, 750 (¶10) (Miss. 2015) ("It is well settled that an officer may make an arrest for a misdemeanor committed in his presence without a warrant." (quoting *Bird v. State*, 154 Miss. 493, 122 So. 539, 540 (1929))). Further, Harvey's own witness, Al Ray Lewis, testified that Harvey exited the house on his own initiative, that no one ever approached the house or knocked on the door, that Harvey engaged the officers in the public street, and that there were bystanders present during the exchange. Perry's personally observing Harvey committing a misdemeanor gave him sufficient cause to arrest Harvey. Thus, the arrest was lawful. Therefore, we find that Harvey's claim is without merit.

### II. Resisting Arrest

¶8. According to Mississippi Code Annotated section 97-9-73 (Rev. 2014), a person is guilty of resisting arrest when he uses force, violence, threats, or any other manner to evade

the lawful arrest by a law-enforcement officer. First, the arrest was lawful for the reasons already stated. Perry personally observed Harvey profanely swear in a public place with multiple bystanders present. Second, Underwood, King, and Perry all testified that Harvey physically resisted Perry's lawful arrest by pulling his hands away when Perry attempted to handcuff him, walking away from Perry after his first attempt to arrest Harvey, and further refusing to submit to Perry and King so much that they had to take Harvey to the ground to gain control of him. Thus, Harvey did, in fact, resist a lawful arrest. The fact that the public-drunkenness and public-profanity charges were later dismissed is of no matter. *Chambers v. State*, 973 So. 2d 266, 270 (¶11) (Miss. Ct. App. 2007) (citing *Hubbard v. State*, 938 So. 2d 287, 289 (¶16) (Miss. Ct. App. 2006)) (holding that an inconsistent verdict between charges, in and of itself, is insufficient to reverse a criminal conviction). Therefore, we find that Harvey's claim is without merit.

## CONCLUSION

¶9. We find no error in the circuit court's finding that Harvey was lawfully arrested and did in fact resist arrest. Therefore, we affirm the circuit court's conviction of Harvey for resisting arrest.

¶10. **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF RESISTING ARREST AND SENTENCE OF TEN DAYS IN THE RANKIN COUNTY JAIL, WITH ALL TEN DAYS SUSPENDED; TO PAY A $500 FINE, WITH $200 SUSPENDED; AND TO SERVE SIX MONTHS OF UNSUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, FAIR,**

**JAMES AND WILSON, JJ., CONCUR.**